WARD, Judge.
Thomas Futch appeals the trial court summary judgment which held that his claim for personal injuries received in an automobile accident was not covered by Commercial Union Insurance Company’s umbrella policy (CED 086993). Futch contends that the trial court erred by granting summary judgment because two genuine questions of fact remain to be decided by a jury. One of the fact questions which he contends should be decided by the jury relates to coverage of the umbrella policy and the meaning of the policy’s exclusionary clause. Futch contends that the policy, when read as a whole, provides automobile liability coverage. Consequently, it was also required to provide uninsured/underin-sured motorist coverage. At the very least he contends that this exclusionary clause is vague when read with other parts of the policy, and because it is vague, its meaning and the corresponding issue of policy coverage should be left to the trier of fact at a trial on the merits.
We affirm. The trial court did not err by rendering summary judgment. The exclusionary clause of the umbrella policy is clear, not ambiguous. The policy does not insure against claims for personal injury resulting from automobile accidents because there was no underlying automobile liability insurance. As a result, the umbrella policy is not an automobile liability insurance policy. Therefore, Commercial Union did not have to offer uninsured/un-derinsured motorist coverage. When there is no genuine issue of fact, as in this case, summary judgment should be granted when the law is in favor of the mover.
Thomas Futch, the president of Manna International Manufacturing, Inc., was seriously injured when he attempted to tow an automobile belonging to Robert G. Williams, Vice-President of Manna. While Futch was attaching the tow rope, the driver of a third car lost control of his vehicle and it crossed the median, striking Futch’s car, crushing Futch between his car and Williams’s car. Neither Futch’s nor Williams’s car is owned by Manna. They are personally owned by Futch and Williams and insured with other insurance companies. As a matter of fact, Manna International does not own any vehicles. They depend on commercial drayage for pickup and deliveries.
After filing this lawsuit, Futch settled with Williams’s insurer, the insurer of the third vehicle, and his own uninsured/under-insured carrier. This claim against Commercial Union is the only one .remaining.
At the time this occurred, Commercial Union was the insurer of Manna under two separate policies. The first was a special multi-peril policy, the second was an umbrella policy. In October of 1988 Commercial Union filed a motion for summary judgment seeking to be dismissed from the case. The trial court denied the motion, holding that there was coverage under the umbrella policy, but not under the multi-peril policy and, therefore, granted summary judgment only as to that policy.
Futch appealed and in Futch v. Commercial Union Co., 568 So.2d 588 (La.App. 4th Cir.1990), this Court held that the insurer’s multi-peril policy did not provide coverage. The court also found that LSA-R.S. 22:1406, requiring uninsured motorist coverage, did not apply. After these decisions, the trial court reconsidered its decision on coverage of the umbrella policy and rendered summary judgment, holding that Commercial Union’s umbrella policy did not provide coverage either. That policy contains an exclusionary clause, and the resolution of this case turns on the interpretation of it.
Automobiles — Limitation of Coverage
It is agreed that, except insofar as coverage is available to the Insured for the full limits of liability as set forth for policies of underlying insurance issued by the Commercial Union Insurance Company, the American Employers’ Insurance Company, the Employers Fire Insurance Company and The Northern Assurance Company of America in Item 3 of the Declarations, this policy shall not apply to the ownership, maintenance, op *1015 eration, use, loading or unloading of any automobile.
Those companies listed in the paragraph above are Commercial Union and its sister companies. Neither Commercial Union nor its sister companies provided Manna International with underlying automobile liability insurance coverage. Since Manna International did not own any vehicles, insurance coverage was not warranted.
Futch’s argument that the umbrella insurance policy contains ambiguous language is not convincing. We agree with the trial court. It is clear. Commercial Union’s umbrella policy does not insure Manna International against risk of loss arising by personal injuries arising from automobile accidents unless Commercial Union or its sister companies also provides the underlying liability insurance.
The only remaining question is whether an umbrella policy that excludes coverage of those claims must provide uninsured/underinsured motorist coverage. LSA-R.S. 22:1406(D)(l)(a)(i) requires uninsured/underinsured coverage only on automobile liability insurance.
No automobile liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle shall be ... issued ... unless [uninsured motorist] coverage is provided ...
Commercial Union was not required to offer uninsured/underinsured motorist coverage. As a result of this holding other issues raised in this appeal — such as whether uninsured/underinsured motorist insurance was offered or waived — need not be considered.
AFFIRMED.